THE STATE, ANNIE C. KNIGHT, PROSECUTRIX, v.
THE CITY OF CAPE MAY ET AL.

Municipal action involving the erection at public expense of a building upon land neither owned nor possessed by the municipality is illegal.

On *certiorari.*

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the prosecutrix, *Thomas E. French.*

For the defendants, *David J. Pancoast.*

The opinion of the court was delivered by

COLLINS, J. This *certiorari* brings before us resolutions authorizing the building of a pavilion on the beach at the foot of Jackson street, and the alteration of a pavilion on the beach at the foot of Perry street, in the city of Cape May, and the contracts made in pursuance thereof. The prosecutrix is a taxpayer of that city, and claims to own the land embracing the pavilion sites.

It is objected that the act passed March 16th, 1896 (*Pamph. L., p.* 71), that authorizes cities located on or near the Atlantic ocean, to erect and maintain pavilions along the ocean front, is unconstitutional because local and special. The authority

of that statute was not needed in order to enable the city to improve its lands by the erection thereon of buildings for public use. Such power would seem to be implied, if not expressed, in the city charter. *Pamph. L.* 1875, *p.* 206. But the provision of the act for the issue of bonds to raise money to pay for the improvements therein authorized, so far as it is made to depend upon previous acceptance by a city of some former act, may be special and therefore void. The act is claimed by the defendants to be operative in the city of Cape May, by reason of the acceptance by that city of an act approved April 3d, 1891. *Pamph. L., p.* 317. That act was rejected by Cape May in 1891, but again submitted to vote in 1895, when, as claimed, it was accepted. We think that the legislature did not authorize re-submission after rejection. These difficulties, however, need not concern us now, for, as we read the state of the case, the city has issued its bonds and disposed of them, and has money in the treasury to pay for the pavilions.

The prosecutrix proves title to the land on which it is proposed to erect the pavilion at the foot of Jackson street, and neither title nor possession in the city is shown as to that land. We hold, therefore, that it is illegal for the city to erect a pavilion upon it, or to expend the public money therefor, and the resolution and contract with respect thereto must be set aside.

At the foot of Perry street a pavilion has been standing for several years, and has been and is in the possession of the city. The resolutions and contract concerning it involve only its enclosure with glass sashes and other alterations of an existing structure. We will not interfere with such municipal action. The prosecutrix, as to that site, must settle her title by ejectment.

The contractor at Jackson street was made a party to the writ. By inadvertence the contractor at Perry street was omitted; but as our decision is favorable to his contract, there is no need to delay it in order to make him a party. The resolutions and contract as to the pavilion at the foot of Perry street are affirmed.

Inasmuch as neither party wholly succeeds in this controversy, costs will not be awarded to either party as against the other.